## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Case No. _____ ) ) CLASS ACTION |
| v. | ) ) JURY TRIAL DEMANDED |
| FIDELITY SOUTHERN CORPORATION, JAMES B. MILLER JR., H. PALMER PROCTOR JR., DAVID R. BOCKEL SR., RODNEY D. BULLARD, WILLIAM MILLARD CHOATE, DONALD A. HARP JR., KEVIN S. KING, WILLIAM C. LANKFORD JR., GLORIA A. O'NEAL, W. CLYDE SHEPHERD III, RANKIN M. SMITH JR., and AMERIS BANCORP, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

### COMPLAINT FOR VIOLATION OF
### THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.  This action stems from a proposed transaction announced on

December 17, 2018 (the "Proposed Transaction"), pursuant to which Fidelity Southern Corporation ("Fidelity" or the "Company") will be acquired by Ameris Bancorp ("Ameris").

2. On December 17, 2018, Fidelity's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ameris.  Pursuant to the terms of the Merger Agreement, shareholders of Fidelity will receive 0.80 shares of Ameris common stock for each share of Fidelity common stock they own.

3. On February 12, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Fidelity common stock.

9. Defendant Fidelity is a Georgia corporation and maintains its principal executive offices at 3490 Piedmont Road, Suite 1550, Atlanta, Georgia 30305. Fidelity's common stock is traded on NASDAQ Global Select Market under the ticker symbol "LION." Fidelity is a party to the Merger Agreement.

10. Defendant James B. Miller Jr. is the Chairman of the Board of the Company.

11. Defendant H. Palmer Proctor Jr. is a director of the Company and also serves as the President and Chief Executive Officer of the Company.

12. Defendant David R. Bockel Sr. is a director of the Company.

13. Defendant Rodney D. Bullard is a director of the Company.

14. Defendant William Millard Choate is a director of the Company.

15. Defendant Donald A. Harp Jr. is a director of the Company.

16. Defendant Kevin S. King is a director of the Company.

17. Defendant William C. Lankford Jr. is a director of the Company.

18. Defendant Gloria A. O'Neal is a director of the Company.

19. Defendant W. Clyde Shepherd III is a director of the Company.

20. Defendant Rankin M. Smith Jr. is a director of the Company.

21. The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22. Defendant Ameris is a Georgia corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Fidelity (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of December 14, 2018, there were approximately 27,298,456 shares of Fidelity

common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.

Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30. Fidelity, through its operating subsidiaries Fidelity Bank and LionMark Insurance Company, provides banking services, wealth management services, and credit-related insurance products through branches in Georgia and Florida, and an insurance office in Atlanta, Georgia.

31. On December 17, 2018, Fidelity's Board caused the Company to enter into the Merger Agreement with Ameris.

32. Pursuant to the terms of the Merger Agreement, shareholders of Fidelity will receive 0.80 shares of Ameris common stock for each share of Fidelity common stock they own.

33. According to the press release announcing the Proposed Transaction:

Ameris Bancorp (Nasdaq: ABCB) ("Ameris"), the parent company of Ameris Bank, and Fidelity Southern Corporation (Nasdaq: LION) ("Fidelity"), the parent company of Fidelity Bank, jointly announced today the signing of a definitive merger agreement pursuant to which Fidelity will merge with and into Ameris in an all-stock transaction. Based on September 30, 2018 results, and excluding purchase accounting adjustments, the combined company will have approximately $16.2 billion in assets and a branching network across four states. Pro forma for the merger, 72 branches and $4.7 billion of deposits are located in the Atlanta MSA; 26 branches and approximately $1.8 billion of deposits are located in the Jacksonville MSA.

Upon completion of the merger, James B. Miller, Jr., Chairman and

>Chief Executive Officer of Fidelity, will become Executive Chairman of Ameris and Ameris Bank and H. Palmer Proctor, Jr., President of Fidelity and Chief Executive Officer of Fidelity Bank, will become President of Ameris and Chief Executive Officer of Ameris Bank. Dennis J. Zember Jr. and Lawton E. Bassett, III will remain Chief Executive Officer of Ameris and President of Ameris Bank, respectively.  Nicole S. Stokes will continue as Chief Financial Officer of both Ameris and Ameris Bank.
>
>Five Fidelity directors, including Messrs. Miller and Proctor, will join the Ameris board, which will be increased in size to 14 members upon completion of the merger. . . .
>
>Under the terms of the definitive merger agreement, each share of Fidelity common stock, including restricted shares, will be converted into the right to receive 0.80 shares of Ameris common stock. Outstanding options to purchase shares of Fidelity common stock will be converted into options to purchase shares of Ameris common stock, with the exercise price and number of shares underlying each option adjusted to reflect the exchange ratio of 0.80.  The transaction is valued at $27.22 per share, or approximately $750.7 million in the aggregate, based on Ameris's closing stock price of $34.02 as of December 14, 2018.
>
>The merger agreement has been unanimously approved by the board of directors of each company.  The transaction is expected to close in the second quarter of 2019 and is subject to customary closing conditions, including the receipt of regulatory approvals and the approval of the Ameris and Fidelity shareholders.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

34.   Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35.   As set forth below, the Registration Statement omits material

information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

36. The Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Sandler O'Neill + Partners, L.P. ("Sandler") and FIG Partners, LLC ("FIG").

37. With respect to Sandler's Comparable Company Analyses, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Sandler in the analyses.

38. With respect to Sandler's Analysis of Selected Merger Transactions, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Sandler in the analysis.

39. With respect to Sandler's Net Present Value Analysis of the Company, the Registration Statement fails to disclose: (i) the terminal values for Fidelity; (ii) Sandler's basis for applying price to 2022 earnings per share multiples ranging from 13.0x to 18.0x and price to December 31, 2022 tangible book value per share multiples ranging from 130% to 205%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.5% to 13.5%.

40. With respect to Sandler's Net Present Value Analysis of Ameris, the Registration Statement fails to disclose: (i) the terminal values for Ameris; (ii)

Sandler's basis for applying price to 2022 earnings per share multiples ranging from 10.0x to 15.0x and price to December 31, 2022 tangible book value per share multiples ranging from 180% to 230%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 13.0%.

41. With respect to Sandler's Pro Forma Merger Analysis, the Registration Statement fails to disclose: (i) the assumptions relating to purchase accounting adjustments, cost savings, and transaction expenses; (ii) the extent to which the Proposed Transaction could be dilutive to Ameris's estimated earnings per share in the year ending December 31, 2019; (iii) the extent to which the Proposed Transaction could be accretive to Ameris's estimated earnings per share in the years ending December 31, 2020, December 31, 2021, and December 31, 2022; (iv) the extent to which the Proposed Transaction could be dilutive to Ameris's estimated tangible book value per share at closing, December 31, 2019, and December 31, 2020; and (v) the extent to which the Proposed Transaction could be accretive to Ameris's estimated tangible book value per share at December 31, 2021 and December 31, 2022.

42. With respect to FIG's Comparable Company Analyses, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by FIG in the analyses.

43. With respect to FIG's Analysis of Selected Merger Transactions, the

Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by FIG in the analysis.

44.    With respect to FIG's Net Present Value Analysis of the Company, the Registration Statement fails to disclose: (i) the terminal values for Fidelity; (ii) FIG's basis for applying price to 2022 earnings multiples ranging from 14.5x to 18.5x and multiples of December 31, 2022 tangible book value ranging from 180% to 220%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 11.5% to 13.5%.

45.    With respect to FIG's Net Present Value Analysis of Ameris, the Registration Statement fails to disclose: (i) the terminal values for Ameris; (ii) FIG's basis for applying price to 2022 earnings multiples ranging from 10.0x to 14.0x and multiples of December 31, 2022 tangible book value ranging from 170% to 210%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 11.5% to 13.5%.

46.    With respect to FIG's Pro Forma Merger Analysis, the Registration Statement fails to disclose: (i) the pro forma assumptions; and (ii) the extent to which the Proposed Transaction could be accretive to Ameris estimated EPS in 2020.

47.    When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the

key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

48. The Registration Statement also omits material information regarding potential conflicts of interest of Sandler.

49. The Registration Statement fails to disclose the amount of compensation Sandler received for the past services that it provided to Ameris.

50. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

51. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Fidelity's Reasons for the Merger; Recommendation of the Fidelity Board of Directors; (iii) Opinion of Sandler O'Neill & Partners, L.P.; and (iv) Opinion of FIG Partners, LLC.

52. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Fidelity

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Fidelity is liable as the issuer of these statements.

55. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

56. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

57. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering

the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

58. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Ameris

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants and Ameris acted as controlling persons of Fidelity within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Fidelity and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63. Each of the Individual Defendants and Ameris was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

65. Ameris also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

66. By virtue of the foregoing, the Individual Defendants and Ameris violated Section 20(a) of the 1934 Act.

67. As set forth above, the Individual Defendants and Ameris had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these

defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 8, 2019 **HOLZER & HOLZER, LLC**

By: */s/ Corey D. Holzer*

Corey D. Holzer
Georgia Bar # 364698
Marshall P. Dees
Georgia Bar # 105776
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

**RIGRODSKY & LONG, P.A.**
Gina M. Serra
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

*Attorneys for Plaintiff*